# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 19740684**
**Date Processed: 05/02/2019**

| | |
|---|---|
| Primary Contact: | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| Electronic copy provided to: | Ashley Roberts |
| Entity: | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| Entity Served: | Nationwide General Insurance Company |
| Title of Action: | Gil Gauvin and Shannon Gauvin vs. Nationwide General Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Dallas County District Court, TX |
| Case/Reference No: | DC-19-05848 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 05/01/2019 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Green & Barton<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To: NATIONWIDE GENERAL INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GIL GAUVIN AND SHANNON GAUVIN**

Filed in said Court **24th day of April, 2019** against

**NATIONWIDE GENERAL INSURANCE COMPANY**

For Suit, said suit being numbered **DC-19-05848**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 26th day of April, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By *Carlenia Bouligny* Deputy
CARLENIA BOULIGNY

---

**ATTY**

**CITATION**

DC-19-05848

**GIL GAUVIN ET AL
VS.
NATIONWIDE GENERAL INSURANCE COMPANY**

ISSUED THIS
**26th day of April, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
DANIEL PATRICK BARTON
1201 SHEPARD DR
HOUSTON        TX  77007
713-227-4747
DBARTON@BARTONLAWGROUP.COM

DALLAS COUNTY CONSTABLE
FEES          (FEES NOT
PAID)          PAID

DELIVERED:
BY:

CTH: 5/1/19 at 8:20 AM

FILED
DALLAS COUNTY
4/24/2019 5:16 PM
FELICIA PITRE
DISTRICT CLERK

Belinda Hernandez

CAUSE NO. DC-19-05848

| | | |
|---|---|---|
| GIL GAUVIN and SHANNON GAUVIN | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| VS. | § § | DALLAS COUNTY, TEXAS |
| NATIONWIDE GENERAL INSURANCE COMPANY | § § § | |
| *Defendant.* | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

GIL GAUVIN and SHANNON GAUVIN ("Plaintiff"), complains of NATIONWIDE GENERAL INSURANCE COMPANY and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2. Plaintiffs reside in Dallas County, Texas.

3. Defendant NATIONWIDE GENERAL INSURANCE COMPANY is an insurance company engaging in the business of insurance in Texas. This defendant may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Issuance of citation is requested at this time.

## III.
## JURISDICTION

4. Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

5. The court has jurisdiction over Defendant it engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of Defendant's business activities in Texas.

## IV.
## VENUE

6. Venue is proper in Dallas County, Texas, because the insured property giving rise to this cause of action is situated in Dallas County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

7. Defendant has been provided notice, in writing, of the claims made by Plaintiffs in this petition, including Plaintiffs' actual damages in the manner and form required.

8. All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; and/or Defendant is otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

9. Plaintiffs are the owner of certain real property with improvement (including Plaintiffs' home) located at 2810 Eagle Pass, Mesquite, Texas 75150 (the "Property"). The Property was

insured by insurance policy number 7842HO955635 issued by Defendant (the "Policy"). Plaintiffs are the owner of the Policy and the named insured on the Policy.

10. On or about 07/08/2017, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiffs made Claim No.: 546311-GF and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiffs made the Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

11. Defendant made numerous errors in estimating the value of Plaintiffs' claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs. Defendant failed to fully quantify Plaintiffs' damages, thus demonstrating that Defendant not conduct a thorough investigation of Plaintiffs' claim. Defendant conducted a substandard investigation of Plaintiffs' Claim, evidenced by the estimate issued and relied upon by Defendant. The damage estimate failed to include all damages to Plaintiffs' Property. The damages Defendant included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiffs' claim. Further, Defendant knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiffs' claim. Because of Defendant's conduct, Plaintiffs' claim was underpaid and partially-denied.

12. Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiffs. Defendant's conduct constitutes a breach of the contract between Defendant and Plaintiffs.

13. Defendant misrepresented to Plaintiffs that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

14. Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Claim, when Defendant's liability was reasonably clear. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

15. Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

16. Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

17. Defendant refused to fully compensate Plaintiffs for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' Claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

18. Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

19. Defendant failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

20. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for Plaintiffs' claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

21. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

22. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

23. Because of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firm who is representing Plaintiffs with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT

24. Defendant is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. Breach of Contract.

25. The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiffs' injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

26. The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

27. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

28. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

29. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

30. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

31. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

32. Defendant's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

C. **Prompt Payment Of Claims Violations.**

33. The Claim is a claim under an insurance policy with Defendant of which Plaintiffs gave Defendant proper notice. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

   b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

   c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

34. Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

D. **Breach Of The Duty Of Good Faith And Fair Dealing.**

35. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiffs were reasonably clear. Defendant's conduct proximately caused Plaintiffs' injuries and damages.

## VIII.
## KNOWLEDGE

36. Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## IX.
## DAMAGES

37. Plaintiffs will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

38. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney fees.

39. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages. TEX.INS.CODE §541.152.

40. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiffs' claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

41. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

42. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

43. Plaintiffs hereby request a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

44. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

45. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, Plaintiffs have and recovers such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may be justly entitled.

GREEN & BARTON

By: /s/ Wayne D. Collins
WAYNE D. COLLINS
State Bar No. 00796384
wcollins@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com

DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900 – Fax